[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-16462
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 3, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-02695-CV-P-S

MELVIN BURL,

Plaintiff-Appellant,

versus

ANTHONY J. PRINCIPI,
Department of Veterans Affairs,
KAREN SHAMBLIN, in her
individual capacity,
UNITED STATES OF AMERICA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(May 3, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Melvin Burl appeals pro se the summary judgment in favor of the Department of Veterans Affairs against his complaint of racial discrimination and invasion of privacy, and Burl appeals the dismissal of his claims for unlawful search and seizure and violation of the Administrative Procedure Act. We affirm.

## I. BACKGROUND

Burl, an African-American male, was employed by the Department of Veterans Affairs as a criminal investigator at the Birmingham Veterans Administration Medical Center. In August 2001, Karen Shamblin, chief operating officer for the medical center, audited Burl's government computer after being notified that he was using it inappropriately. The audit revealed that Burl had visited numerous pornographic web sites; his government e-mail account contained pornographic content; he had inappropriately e-mailed another Department employee, Gail Harris; and his MSN Hotmail account, which he accessed on the government computer, contained over 200 pornographic e-mails.

Department policies forbid the use of government computers for personal affairs, accessing sexually explicit material, or engaging in activities that are offensive to fellow employees. VA Directive 6001 provides that Department employees have no expectation of privacy regarding any activity conducted on government computers and that use of government computers subjects all the

information and files maintained or passed through those computers to management monitoring and recording, with or without cause. In April 2001, Burl signed a computer access notice, which acknowledged that he had no expectation of privacy in the use of electronic mail or his computer activities.

On September 6, 2001, after the audit of Burl's computer, the Department sent Burl a proposed removal letter, which listed five bases for Burl's termination. Burl then sought psychiatric care, but he told a nurse that he had a gun and intended to kill several Medical Center employees. On September 20, 2001, the Department issued a second proposed removal letter, which reiterated the five bases for termination from the first letter and added, as a sixth basis, the making violent threats against Medical Center employees. On October 21, 2001, Burl was terminated.

Burl filed a five count complaint against the Department in November 2002. The first three counts, which alleged violation of the Whistleblower Protection Act and the Fourth Amendment, were dismissed by the district court. Summary judgment was entered against the remaining two counts, which stated claims of invasion of privacy and racial discrimination.

## II. STANDARD OF REVIEW

We review a grant of summary judgment <u>de novo</u>, and we construe all facts in the light most favorable to the non-moving party. <u>Vessels v. Atlanta Indep. Sch. Sys.</u>, 408 F.3d 763, 767 (11th Cir. 2005). We review a grant of a motion to dismiss <u>de novo</u>, taking the facts alleged in the complaint as true and construing them in favor of the plaintiff. <u>Williams v. Bd. of Regents of Univ. Sys. of Ga.</u>, 441 F.3d 1287, 1295 (11th Cir. 2006).

## III. DISCUSSION

Burl presents four arguments on appeal: (1) the evidence obtained through the audit of his computer and the seizure of evidence to support his termination violated his Fourth Amendment rights against unlawful searches and seizures; (2) the district court erroneously dismissed his claim of invasion of privacy; (3) he established a prima facie case of race discrimination; and (4) the failure to deliver to Burl in a timely fashion the evidence file used in his termination violated the APA and requires reversal of the termination decision of the Department. Each argument fails. We address each argument in turn.

### A. Burl's Search and Seizure and Invasion of Privacy Claims Are Preempted by the CSRA.

Burl alleges that the audit of his computer by the Department was a violation

4

of his Fourth Amendment right against unreasonable searches and seizures and an invasion of his privacy. Although Burl pleaded these constitutional and tort claims as separate from his employment discrimination claim, he does not argue in his initial brief that he suffered any injury from the constitutional and tort claims distinct from his termination. Burl argues that the evidence allegedly taken in violation of his constitutional and privacy rights should not have been considered by the district court. Because the constitutional and tort claims are part of Burl's employment discrimination claim, they are both preempted by the Civil Service Reform Act.

The CSRA is a comprehensive scheme for reviewing personnel actions taken against federal employees. United States v. Fausto, 484 U.S. 439, 454, 108 S. Ct. 668, 677 (1988). Constitutional claims by federal employees are ordinarily preempted by the CSRA and must be addressed through the administrative procedures established by the CSRA. Bush v. Lucas, 462 U.S. 367, 103 S. Ct. 2404 (1983); Lee v. Hughes, 145 F.3d 1272 (11th Cir. 1998). Burl has provided no reasons, and we cannot discern any, why his claim under the Fourth Amendment is not preempted by the CSRA. The district court correctly dismissed this claim as preempted by the CSRA.

Burl's invasion of privacy claim also was dismissed by the district court as

5

preempted by the CSRA. State law tort claims brought by a federal employee against a supervisor because of a personnel decision fall under and are preempted by the CSRA. Broughton v. Courtney, 861 F.2d 639, 642-44 (11th Cir. 1988). It is irrelevant that the CSRA does not provide a remedy for Burl's claim. "We infer that Congress did not mention any [state law tort] remedies because it left no room for them." Saul v. United States, 928 F.2d 829, 842 (9th Cir. 1991). The district court correctly dismissed Burl's claim of invasion of privacy.

### B. Burl Did Not Establish a Prima Facie Case of Discrimination.

Regarding his racial discrimination claim, Burl provided no direct evidence of discrimination so he must rely on circumstantial evidence to prove discrimination. To establish a prima facie case of race discrimination, Burl must satisfy four elements: (1) he belongs to a racial minority; (2) he suffered an adverse employment action; (3) he was treated less favorably than similarly situated employees outside his racial classification; and (4) he was qualified for the job. Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997). The Department does not dispute that Burl satisfies the first, second, and fourth factors.

To satisfy the third factor, Burl asserts that two other Medical Center employees were caught accessing pornographic material with government computers but were not terminated. One employee had received two pornographic

6

e-mails and another had accessed pornographic web sites on two occasions. Disparate treatment arguments require comparison with an employee who is "similarly situated in all relevant respects" and is "nearly identical" to the plaintiff. Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1091 (11th Cir. 2004).

Burl's use of the internet to access inappropriate material was far more egregious than the two employees he uses for comparison. Burl visited pornographic web sites several times each day in the three weeks before his computer was audited. He used his government computer to access his Hotmail account, which contained over 200 pornographic e-mails. He used government computers to engage in an intimate relationship with his co-worker, Harris. He sent and received pornographic e-mails through his government e-mail account. Unlike the two employees used for comparison, Burl also was a criminal investigator at the Medical Center, and it was his responsibility to investigate and prevent the kind of misconduct for which he was terminated. Because Burl was not similarly situated to the other two employees caught accessing pornographic material, he cannot establish a prima facie case of discrimination.

*C. Burl Cannot Establish That He Was Prejudiced by the Untimely*

*Delivery of the Evidence Folder.*

Burl also argues that his termination should be set aside because the

Department did not provide to him, in a timely manner, the evidence file containing the evidence the Department used to make its decision regarding his termination. 5 U.S.C. § 7513(e). This court has the authority under the Administrative Procedure Act to compel the Department to provide the information, 5 U.S.C. § 706(1), and set aside the decision of the Department for failure to observe procedure required by law, 5 U.S.C. § 706(2)(D). Section 706 also requires us to take account of the rule of prejudicial error. It is undisputed that Burl eventually received the evidence, and he has not established that the alleged delay in receiving the file prejudiced him in any way. The district court correctly dismissed this claim.

## IV. CONCLUSION

The summary judgment and dismissal are

**AFFIRMED.**